United States District Court
Southern District of Texas
**ENTERED**
February 23, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J.B. BLACK, <br> (Inmate # 01214826), <br><br> *Petitioner*, <br><br> vs. <br><br> ED GONZALES, <br><br> *Respondent*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-23-438 |

## MEMORANDUM OPINION AND ORDER

J.B. Black, (Inmate #01214826), is a pretrial detainee currently in the custody of the Harris County Jail. Proceeding *pro se* and *in forma pauperis*, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the state trial court's failure to rule on his *pro se* motions for speedy trial in his state criminal proceedings. (Dkt. 1). After considering the pleadings and the applicable law pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts,[1] the Court dismisses this petition for the reasons that follow.

### I. BACKGROUND

On May 18, 2021, the State charged Black in Harris County Cause Number

---

[1] Rule 1 of the Rules Governing Section 2254 Proceedings in the United States District Courts provides that those rules apply to any petition for writ of habeas corpus. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

1723527 with one count of forging a financial instrument in an amount between $150,000 and $300,000. *See* www.hcdistrictclerk.com (last visited Feb. 21, 2023); *see also* TEX. PENAL CODE § 32.21(e-1)(6). Black is represented by appointed counsel in those proceedings. *See* www.hcdistrictclerk.com (last visited Feb. 21, 2023). He is currently incarcerated in the Harris County Jail awaiting trial. *See* www.harriscountyso.org (last visited Feb. 21, 2023).

On February 6, 2023, Black filed this *pro se* § 2241 petition, alleging that the state trial court is violating his Sixth Amendment rights by refusing to rule on his motions for speedy trial and by not setting his case for trial. (Dkt. 1, pp.6-7). Black alleges that he has filed five motions for speedy trial in the trial court and a petition for writ of mandamus in the Texas Court of Criminal Appeals, but all have been denied.[2] (*Id.* at 2). He asks this Court to enforce his Sixth Amendment rights by ordering the state trial court to bring him to trial within 20 days. (*Id.* at 8).

## II. DISCUSSION

### A. Exhaustion

Habeas corpus claims raised by a pretrial detainee are governed by 28 U.S.C.

---

[2]Black also previously filed a § 2241 petition in this Court arising from the same state-court case and seeking dismissal of the charge against him based on the alleged violation of his speedy trial rights. *See Black v. Gonzalez,* Case No. H-21-2212 (S.D. Tex. July 8, 2021). That petition was dismissed because the relief sought—dismissal of the charge—is not available in a § 2241 petition. *Id.* at Dkt. 3.

2

§ 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). However, a federal court's review of a pretrial habeas petition is limited to avoid unwarranted interference with ongoing state-court criminal proceedings. *Id.* In the context of a speedy trial claim, pretrial habeas relief is available under § 2241 only to enforce the state's obligation to bring a defendant to trial promptly rather than to adjudicate the merits of a claimed speedy trial violation so as to bar the state from proceeding to trial. *See Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir, 1987); *see also Braden v. 30th Jud. Cir. Ct of Ky.*, 410 U.S. 484 (1973). Black's claim, seeking to enforce his speedy trial rights through the setting of a prompt trial, falls within the type of relief generally available to a pretrial detainee under § 2241.

But even when the type of relief sought is proper, the petitioner must also show that he is eligible to obtain such relief. To be eligible for pretrial habeas relief under § 2241, the petitioner must be "in custody" and must have exhausted his available state remedies. *See Braden*, 410 U.S. at 488-89; *Dickerson*, 816 F.2d at 224. The exhaustion requirement recognizes that federal courts should abstain from exercising jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson*, 816 F.2d at 225; *see also Braden*, 410 U.S. at 489-92; *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). In the Texas state courts, the proper procedure for seeking pretrial relief on speedy trial grounds is to file a petition

3

for writ of mandamus in the Court of Appeals, followed by a petition for discretionary review in the Texas Court of Criminal Appeals if necessary. *See Padilla v. McDaniel,* 122 S.W.3d 805, 807 (Tex. Crim App. 2003) (en banc).

Black unquestionably meets the "in custody" requirement for obtaining pretrial habeas relief. But his § 2241 petition and publicly available records show that he does not meet the exhaustion requirement. The Court's online research shows that Black filed a motion for leave to file a petition for writ of mandamus in the Texas Court of Criminal Appeals on March 10, 2022. *See In re Black,* Writ No. 91,694-05. That motion was denied based on *Padilla. Id.* On March 18, 2022, Black filed a petition for a writ of mandamus in the First Court of Appeals, seeking enforcement of his right to a speedy trial. *See In re Black,* No. 01-22-00206-CR (Tex. App.—Houston [1st Dist.], June 23, 2022, no pet.). That petition was denied on June 23, 2022. *Id.* Nothing shows that Black ever followed up on this denial by filing a petition for discretionary review in the Court of Criminal Appeals. He has therefore not exhausted his available state-court remedies as to this claim.

Black has not satisfied both requirements for obtaining pretrial habeas relief. His petition must be dismissed for failure to exhaust his available state-court remedies.

**B.  Merits**

Even if Black had fully and properly exhausted his state-court remedies, his

4

claim for habeas relief would be denied. Publicly available records show that Black is represented in the state-court criminal proceedings by appointed counsel. *See* www.hcdistrictclerk.com (last visited Feb. 21, 2023). A defendant has neither a federal nor state constitutional right to hybrid representation—partially *pro se* and partially by counsel. *See, e.g., Randolph v. Cain*, 412 F. App'x 654, 658 (5th Cir. 2010) ("[A]lthough defendant possesses the right to counsel as well as the right to self-representation, there is no constitutional right to have both through a 'hybrid representation' scheme." (citing *McKaskle v. Wiggins*, 465 U.S. 168, 182 (1984))); *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Landers v. State*, 550 S.W.2d 272, 280 (Tex. Crim. App. 1977). Therefore, "a trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel." *Robinson*, 240 S.W.3d at 922.

Habeas relief is available only when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam) (quoting *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010)). Because Black is represented by appointed counsel and has no constitutional right to hybrid representation, the trial court did not violate his constitutional rights by refusing to rule on his *pro se* motions for speedy trial, which were never adopted by appointed counsel and so were not properly before the court. Accordingly, even if this Court were to reach the merits of Black's petition, he has

5

not shown a constitutional violation and so is not entitled to habeas relief on this claim.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Black's petition under 28 U.S.C. § 2241, (Dkt. 1), is **DISMISSED without prejudice** for failure to exhaust his available state remedies.

2. Any pending motions are **DENIED as moot**.

3. No certificate of appealability will issue from this decision. *See Hunter v. Tamez*, 622 F.3d 427, 430 (5th Cir. 2010) ("[A] COA is not required to appeal the denial of a § 2241 petition." (quoting *Pack v. Yusuff*, 218 F.3d 448, 451 n.3 (5th Cir. 2000))).

The Clerk's Office will provide a copy of this order to the petitioner.

SIGNED at Houston, Texas on ___Feb 23___, 2023.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE